1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| STEPHEN WILLIAM RINES, | Case No. 5:19-cv-00426-PA (MAA) |
| Plaintiff, | |
| v. | **ORDER REGARDING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 10)** |
| RIVERSIDE COUNTY JAIL SHERIFFS, *et al.*, | |
| Defendants. | |

12
13
14
15
16
17
18

19 **I.    INTRODUCTION**

20         Before the Court is Plaintiff Stephen William Rines' ("Plaintiff") "Motion

21 for Temporary Injunction Relief and Appointment of Counsel."  ("Motion," ECF

22 No. 10.)  On June 13, 2019, District Judge Percy Anderson denied Plaintiff's

23 Motion for Temporary Injunction Relief and referred the Motion for Appointment

24 of Counsel to Magistrate Judge Maria A. Audero.  (Order, ECF No. 11.)  For the

25 reasons stated below, the Motion for Appointment of Counsel is DENIED without

26 prejudice.

27 //

28 //

1    ## II.    LEGAL STANDARD

2    "Generally, a person has no right to counsel in civil actions." *Palmer v.*

3    *Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  This rule applies even for indigent

4    litigants.  "The Supreme Court has declared that 'the expenditure of public funds

5    [on behalf of an indigent litigant] is proper only when authorized by

6    Congress . . . .'"  *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (alterations in

7    original) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)).  Indeed,

8    courts are not authorized to appoint counsel to involuntary service given that "[n]o

9    statute provides funds to pay counsel secured under" the indigent litigant statute.

10   *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (construing

11   28 U.S.C. § 1915(d)).

12   Nevertheless, a court may request counsel for indigent civil litigants under

13   "exceptional circumstances." *30.64 Acres of Land*, 795 F.2d at 800; *see* 28 U.S.C.

14   § 1915(e)(1) ("The court may request an attorney to represent any person unable to

15   afford counsel.").  The decision to appoint counsel in exceptional circumstances is

16   within "the sound discretion of the trial court." *Agyeman v. Corr. Corp. of Am.*,

17   390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221,

18   1236 (9th Cir. 1984)).  Plaintiff bears the burden of establishing the existence of

19   exceptional circumstances.  *See Palmer*, 560 F.3d at 970.

20   To determine whether exceptional circumstances merit such relief, a court

21   must consider "[(1)] the likelihood of success on the merits as well as [(2)] the

22   ability of the petitioner to articulate his claims *pro se* in light of the complexity of

23   the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th

24   Cir. 1983)).  These considerations must be viewed cumulatively, and neither is

25   dispositive.  *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).

26   //

27   //

28   //

2

## III.    DISCUSSION

Plaintiff asserts two grounds for appointment of counsel:  (1) to help Plaintiff obtain paperwork, medical files, defendants' names, dates, times, policies violated, reports, witness information and statements, and video and audio recordings; and (2) Plaintiff's incarceration.  (Mot. 2–3.)

Plaintiff has not met his burden of establishing exceptional circumstances warranting the appointment of counsel.  Although it is possible that Plaintiff's claims have merit, at this stage in the proceeding Plaintiff has not demonstrated that he is likely to succeed on the merits.  *See Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (denying motion to appoint counsel because plaintiff offered "no evidence other than his own assertions to support his claims").  In addition, Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* in light of the complexity of the legal issues.

The reasons proffered by Plaintiff in support of his request for counsel do not demonstrate exceptional circumstances.  With respect to Plaintiff's argument that he needs help investigating and developing his case, the Ninth Circuit has observed that "[m]ost actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  As such, the need for discovery does not necessarily qualify the issues involved as complex thereby warranting the appointment of counsel.  *See id.*  Finally, incarceration is a difficulty any imprisoned litigant would have; it does not make a case exceptional.  *See, e.g., Garcia v. Health*, No. 2:13-cv-1952 JAM AC P, 2015 U.S. Dist. LEXIS 104749, at *4, 2015 WL 4730240, at *2 (E.D. Cal. Aug. 10, 2015).

//

//

//

1

## IV.    CONCLUSION

2           For the foregoing reasons, Plaintiff's Motion for Appointment of Counsel is

3    DENIED without prejudice.

4

5    **IT IS SO ORDERED.**

6

7    DATED: June 20 , 2019

8

9                                                    _____

10                                                   MARIA A. AUDERO
                                                     UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28